## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC, SEAGATE TECHNOLOGY (THAILAND) LIMITED, SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD., and SEAGATE TECHNOLOGY (NETHERLANDS) B.V.,<br><br>Defendants. | Civil Action No. 24-cv-3691 LMP/DTS |

### JOINT MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 16(b)(4) and L.R. 16.3, Godo Kaisha IP Bridge 1 ("Plaintiff" or "IP Bridge") and Defendants Seagate Technology LLC, Seagate Technology (Thailand) Limited, Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology (Netherlands) B.V. (collectively, "Defendants" or "Seagate" and collectively with Plaintiff, the "Parties") hereby jointly move this Court to extend the deadline for Seagate to file discovery motions related to IP Bridge's privilege log and claims of privilege/work product protection. In support of this Motion, the Parties state as follows:

1. The deadline to complete written and document fact discovery was June 11, 2026. (Dkt. 164.)

1

2. The deadline to file discovery motions related to written and document fact discovery is June 25, 2026. (Dkt. 91).

3. On May 15, 2026, IP Bridge served its privilege log, which contains approximately 12,000 entries. On June 5, 2026, Seagate sent IP Bridge a letter (the "Letter") identifying alleged deficiencies in IP Bridge's privilege log and related issues addressed therein.

4. The Parties met and conferred on June 12, 2026, regarding the issues raised in the Letter. During the meet and confer, IP Bridge informed Seagate that IP Bridge believed that its privilege log included a significant number of irrelevant documents. Seagate identified five categories of documents that it wants IP Bridge to address first. The Parties have continued to confer in the interim, including Seagate explaining that it intends to file a motion related to IP Bridge's privilege log, withheld documents and information, and related issues. In addition, on June 17, 2026, IP Bridge clawed back certain documents submitted in connection with Seagate's response to IP Bridge's Motion for Leave to Amend its Infringement Contentions claiming work product protection, which Seagate disputes. To permit the Parties to further attempt to narrow or resolve these issues, the Parties have agreed that the deadline for Seagate to file discovery motions related to IP Bridge's privilege log and claims of privilege/work product protection should be extended by three weeks, from June 25, 2026 to July 16, 2026. This extension of time is in addition to the motion Seagate will file related to the documents IP

Bridge clawed back on June 17, 2026, which were the subject of the Parties' letters (Dkts. 185 and 186).

5. To facilitate the narrowing of issues, by June 26, 2026, IP Bridge plans to do the following regarding documents in the five categories Seagate identified: (1) identify any documents on its privilege log that are irrelevant and describe them in sufficient detail to demonstrate their irrelevance; (2) appropriately redact privileged material from relevant documents and produce the remainder; and (3) identify the documents for which it continues to assert privilege.

6. Good cause supports the requested extension. The extension is agreed and serves the mutual interest of the Parties and Court by affording IP Bridge time to complete its review of its privilege log and related discovery issues while allowing the Parties to narrow or potentially resolve disputes, thereby conserving the Parties' and the Court's resources.

7. This request is made in good faith and not for purposes of delay.

WHEREFORE, the Parties respectfully request that the Court enter an Order extending the deadline for Seagate to file discovery motions related to IP Bridge's privilege log and claims of privilege/work product protection from June 25, 2026 to July 16, 2026.

Dated:  June 22, 2026

*s/ Stuart V. C. Duncan Smith*

Adam Steinert (#0389648)
*ASteinert@fredlaw.com*
Barbara Marchevsky (#0398256)
*BMarchevsky@fredlaw.com*
Luke P. de Leon (#0401756)
*LdeLeon@fredlaw.com*
FREDRIKSON & BYRON P.A.
60 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612.492.7000 Phone

OF COUNSEL:
Michael A. Albert (*pro hac vice*)
*malbert@wolfgreenfield.com*
Gerald B. Hrycyszyn (*pro hac vice*)
*ghrycyszyn@wolfgreenfield.com*
John Strand (*pro hac vice*)
*jstrand@wolfgreenfield.com*
Hunter D. Keeton (*pro hac vice*)
*hkeeton@wolfgreenfield.com*
Stuart V. C. Duncan Smith (*pro hac vice)*
*sduncansmith@wolfgreenfield.com*
Jason W. Balich (*pro hac vice*)
*jbalich@wolfgreenfield.com*
Karen E. Gover (*pro hac vice*)
*kgover@wolfgreenfield.com*
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone

**Attorneys for Plaintiff.**

*s/ Kirsten L. Elfstrand*

David J.F. Gross (MN #0208772)
FAEGRE DRINKER BIDDLE & REATH LLP
4800 N. Scottsdale Road, Suite 2200
Scottsdale, AZ 85251
Telephone: (480) 643-1850
*david.gross@faegredrinker.com*

Chad M. Drown (MN #0319053)
Kevin P. Wagner (MN #034008X)
Doowon Chung (MN #0397413)
Kelly J. Fermoyle (MN #0398356)
Kirsten L. Elfstrand (MN #0401213)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
*chad.drown@faegredrinker.com*
*kevin.wagner@faegredrinker.com*
*doowon.chung@faegredrinker.com*
*kelly.fermoyle@faegredrinker.com*
*kirsten.elfstrand@faegredrinker.com*

Evan J. Kline-Wedeen (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
*evan.kline-wedeen@faegredrinker.com*

**Attorneys for Defendants.**