UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1<br><br>　　　　Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC, SEAGATE TECHNOLOGY (THAILAND) LIMITED, SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD., and SEAGATE TECHNOLOGY (NETHERLANDS) B.V.,<br><br>　　　　Defendants. | Civil Action No. 24-cv-3691 LMP/DTS<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO EXTEND THE DEADLINE TO FILE A DISCOVERY MOTION**

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................... 1

II.  FACTS .............................................................................................................. 1

III. LEGAL STANDARDS ...................................................................................... 3

IV.  ARGUMENT .................................................................................................... 4

    A.   IP Bridge Has Good Cause for a Reciprocal Three-Week Extension of Its Deadline to File Motions Regarding Seagate's Discovery Responses ............... 4

    B.   Seagate Has No Possible Prejudice From the Extension, and the Extension Will Have No Effect on Any Other Deadlines. ........................... 5

    C.   IP Bridge Obtained a Hearing Date Before the Motion Deadline, As Required by the Local Rules. ........................................... 6

V.   CONCLUSION ................................................................................................. 6

## TABLE OF AUTHORITIES

**CASES**

*Shank v. Carleton Coll.*,
    329 F.R.D. 610 (D. Minn. 2019) ...................................................................................4

*Sherman v. Winco Fireworks, Inc.*,
    532 F.3d 709 (8th Cir. 2008) .......................................................................................3

*United States v. Cameron-Ehlen Grp., Inc.*,
    No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795 (D. Minn. Apr. 30, 2019).............3

**RULES**

Fed. R. Civ. P. 16(b)(4) ....................................................................................................3

Local Rule 16.3....................................................................................................................3

Local Rule 16.3(d)...............................................................................................................6

## TABLE OF EXHIBITS

| No. | Description |
|-----|-------------|
| 1 | June 12, 2026 email from Seagate (filed under seal) |
| 2 | June 18, 2026 email from IP Bridge (filed under seal) |
| 3 | June 19, 2026 letter from IP Bridge (filed under seal) |
| 4 | June 22, 2026 email from IP Bridge (filed under seal) |

All exhibits are attached to the Declaration from Stuart V. C. Duncan Smith, filed herewith.

## I.  INTRODUCTION

Under the current schedule, the deadline to file discovery motions is June 25, 2026. Both parties have discovery disputes, both parties are concerned with that date, and both parties believe that more time would allow the parties to narrow their disputes before presenting them to the Court. The parties filed a stipulation to extend Seagate's deadline by three weeks (Dkt. 187). However, Seagate will not agree to a reciprocal extension to IP Bridge's deadline. IP Bridge files this contested motion to extend its deadline by the same three weeks that the parties agreed to extend Seagate's deadline.

Good cause exists for this three-week extension because (1) IP Bridge has diligently pursued these disputes, which only arose with Seagate's June 11 discovery responses at the end of written and document fact discovery, and (2) the additional time will allow the parties to continue the ongoing work of narrowing the dispute. Seagate has not identified any prejudice from the extension, which will not affect the case schedule.

## II.  FACTS

On June 11, 2026, Seagate served 251 pages of responses and objections to IP Bridge's Interrogatories, Requests for Admission, and Requests for Production. (Duncan Smith Dec. ¶ 4.) Seagate's responses are incomplete and evasive for a variety of reasons. (*See* Ex. 3.)

The parties scheduled a meet-and-confer on Friday, June 12, 2026, and IP Bridge asked that Seagate discuss these issues. (Ex. 1 at 1-2.) Seagate declined on the basis that, in its view, there would only be time to discuss its concerns with IP Bridge's privilege log and asked that Bridge provide a list of its issues. (*Id.* at 1.) IP Bridge agreed to

1

investigate Seagate's concerns with IP Bridge's privilege log to narrow the issues before Seagate brings a motion to the Court. (Duncan Smith Dec. ¶ 6.)

During the June 12 meet-and-confer, the parties discussed the deadline for filing discovery motions. Under the current schedule, that deadline is June 25, 2026 (i.e., 14 days from the deadline for written and document fact discovery). (Dkt. 91, page 10, ¶ 3; Dkt. 164 ¶ 1.) The parties discussed that this left little time for the parties to work to narrow their disputes before raising them with the Court. (Duncan Smith Dec. ¶ 7.) And the parties discussed a reciprocal extension to that deadline so the parties can do that work before *either* would need to file a motion with the Court. (*Id.*) The parties ended the meet-and-confer with an agreement to sort out the details the following week. (*Id.*)

Unfortunately, by the middle of the following week, Seagate was no longer amenable to a reciprocal extension and demanded an extension to just its deadline. (Ex. 2 at 3-8.) Seagate refused to agree to a reciprocal extension of IP Bridge's discovery motion deadline. (*Id.*) IP Bridge noted that Seagate's position was inconsistent with what the parties had discussed just the week prior. (*Id.* at 3.) Seagate denied that it was ever amenable to a reciprocal extension. (*Id.* at 1-2.) Nevertheless, IP Bridge agreed to Seagate's extension. (*See* Dkt. 187.)

The parties met-and-conferred on Monday, June 22, 2026 regarding both IP Bridge's motion for an extension and its enumerated list of issues with Seagate's discovery responses. (Duncan Smith Dec. ¶ 10.) Seagate stated that it would investigate many of IP Bridge's enumerated issues (Ex. 4), and Seagate was unable to identify any prejudice from IP Bridge's requested extension. (Duncan Smith Dec. ¶ 10.) Nevertheless,

2

Seagate stated that it would oppose IP Bridge's extension unless IP Bridge prospectively

narrowed the issues it could raise to the Court. (*Id.*) IP Bridge explained that its discovery

motion would be a subset of the issues enumerated in its June 19 letter—namely, just

those issues (1) that arose from Seagate's June 11 discovery responses, (2) that were not

previously presented to the Court, and (3) that remain unresolved after the parties discuss

the results of Seagate's investigation. (*Id.*; *see* Ex. 4 at 4) Seagate did not find those limits

satisfactory, so it told IP Bridge later that evening that Seagate still opposes this motion.

(Ex. 4 at 3.)

Counsel for IP Bridge contacted the Court's clerk the next morning, on Tuesday,

June 23, 2026, and obtained the hearing for this motion at the earliest time available.

(Duncan Smith Dec. ¶ 12.)

## III.    LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be

modified only for good cause and with the judge's consent." Local Rule 16.3(b) provides

that a "party that moves to modify a scheduling order must: (1) establish good cause for

the proposed modification[;] and (2) explain the proposed modification's effect on any

deadlines." As this Court has previously explained, "'[t]he primary measure of good

cause is the movant's diligence in attempting to meet the order's requirements.'" *United

States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795,

at *1 (D. Minn. Apr. 30, 2019) (granting motion to extend fact discovery and all

subsequent deadlines) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716

(8th Cir. 2008)). "Although the good cause analysis emphasizes diligence, 'there is not a

3

clear test for when a party is diligent enough to establish good cause[,]' and the district court retains broad discretion." *Id.* (quoting *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019)). "Even when satisfied of a party's diligence, the Court may consider possible prejudice to the nonmovant." *Id.*(citing *Shank*, 329 F.R.D. at 614); *see id.* at *2 (balancing the movant's good cause against the prejudice to the other party's prejudice).

## IV.   ARGUMENT

### A.   IP Bridge Has Good Cause for a Reciprocal Three-Week Extension of Its Deadline to File Motions Regarding Seagate's Discovery Responses.

IP Bridge has good cause for the requested reciprocal three-week extension because, first, it diligently worked to narrow its discovery disputes with Seagate. IP Bridge served timely discovery requests, which Seagate responded to on June 11, 2026. (Duncan Smith Dec. ¶ 4.) IP Bridge asked to confer about Seagate's responses the next day (i.e., June 12, 2026), and Seagate declined. (Ex. 1 at 1.) IP Bridge prepared the written list of issues that Seagate requested. (Ex. 3.) And the parties met-and-conferred about those disputes on Monday, June 22, 2026, during which Seagate agreed to investigate many of IP Bridge's issues. (Duncan Smith Dec. ¶ 10; Ex. 4 (Issues 3, 4, 5, 7, 8, 9, 10, 11, 35, 36, 37, 39, and 41).) The June 25 deadline leaves no time to continue that discussion after Seagate's investigation and then raise any remaining issues to the Court.

Second, IP Bridge has good cause because an extension will narrow the disputes presented to the Court. IP Bridge identified 42 enumerated issues with Seagate's discovery responses. (Ex. 3.) IP Bridge hopes (and expects) not to bring all those issues to the Court. In the past, Seagate agreed to address some of the issues that IP Bridge

identified. And in other instances, Seagate was able to adequately explain why the deficiency exists, such that IP Bridge did not need to bring the issue to the Court at all. IP Bridge is hopeful that it can work with Seagate over the next few weeks to narrow the 42 enumerated disputes. The result will be more focused issues presented for the Court.

Seagate's opposition to this motion would force IP Bridge to rush to Court with its long list of disputes, even while the work of narrowing them is ongoing. IP Bridge's disputes arose on June 11, 2026—the last day of written and document discovery. IP Bridge could not have pursued these disputes faster. IP Bridge agreed to extend Seagate's deadline because more time will allow the parties to narrow their disputes. (Dkt. 187 ¶ 4.) For the same reason, good cause exists for a reciprocal three-week extension to IP Bridge's deadline to raise the unresolved disputes in its June 19 letter with the Court.

### B.    Seagate Has No Possible Prejudice From the Extension, and the Extension Will Have No Effect on Any Other Deadlines.

During the June 22, 2026 meet and confer, Seagate could not identify any prejudice from IP Bridge's requested extension. (Duncan Smith Dec. ¶ 10.)

And no prejudice would result since IP Bridge's requested extension would not delay any other case deadlines. The current case schedule splits the deadline for written and document fact discovery (i.e., June 11, 2026) and fact depositions "the later of Friday, September 25, 2026 or 45 days after the final ruling from the Court on the last timely-filed discovery motion").[1] (Dkt. 164 ¶ 2.) Since the parties have already stipulated

---

[1] In the case of a motion to modify a discovery deadline, Local Rule 16.3(c) provides the movant "must also: (1) describe what discovery remains to be completed; (2) describe the discovery that has been completed; (3) explain why not all discovery has been completed;

to extend Seagate's deadline, and Seagate has indicated that it intends to file such a motion (Dkt. 185 at 1-2), IP Bridge's requested extension will not change when the "last timely-filed discovery motion" is filed (Dkt. 164 ¶ 2). IP Bridge's requested extension would just mean that the parties' motions could be filed, heard, and decided together.

### C.    IP Bridge Obtained a Hearing Date Before the Motion Deadline, As Required by the Local Rules.

Local Rule 16.3(d) provides that, with limited exception, "before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order." IP Bridge obtained the hearing for this motion on Tuesday, June 23, 2026, which is two days before the June 25, 2026 deadline that IP Bridge seeks to extend. (Duncan Smith Dec. ¶ 12.)

## V.    CONCLUSION

IP Bridge has good cause for a reciprocal three-week extension to its deadline to file a discovery motion regarding Seagate's discovery responses served on June 11, 2026. IP Bridge has diligently pursued its disputes, and the additional time will allow the parties to continue the work of narrowing the disputes. There is no prejudice to Seagate. Consequently, IP Bridge respectfully requests that the Court grant this motion.

---

and (4) state how long it will take to complete discovery." Other than these lingering disputes, written and document fact discovery is complete. Some fact depositions have occurred, but most fact depositions remain to be taken.

Respectfully submitted,

Date: June 23, 2026                           /s/ Stuart V. C. Duncan Smith
                                              Adam Steinert (#0389648)
OF COUNSEL:                                   ASteinert@fredlaw.com
Michael A. Albert (*pro hac vice*)            Barbara Marchevsky (#0398256)
malbert@wolfgreenfield.com                    BMarchevsky@fredlaw.com
Gerald B. Hrycyszyn (*pro hac vice*)          Luke P. de Leon (#0401756)
ghrycyszyn@wolfgreenfield.com                 LdeLeon@fredlaw.com
John Strand (*pro hac vice*)                  FREDRIKSON & BYRON P.A.
jstrand@wolfgreenfield.com                    60 South Sixth Street
Hunter D. Keeton (*pro hac vice*)             Suite 1500
hkeeton@wolfgreenfield.com                    Minneapolis, MN 55402
Stuart V. C. Duncan Smith (*pro hac vice*)    612.492.7000 Phone
sduncansmith@wolfgreenfield.com
Adam R. Wichman (*pro hac vice*)
awichman@wolfgreenfield.com
Jason W. Balich (*pro hac vice*)              *Counsel for Godo Kaisha IP Bridge 1*
jbalich@wolfgreenfield.com
Karen E. Gover (*pro hac vice*)
kgover@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

7

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2026, I caused the foregoing document, together with the associated documents, to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification to all counsel of record.


/s/ Stuart V. C. Duncan Smith
Stuart V. C. Duncan Smith

*Counsel for Plaintiff Godo Kaisha IP Bridge 1*

8

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The foregoing document complies with the type-volume limitation of Local Rule 7.1. The text of this brief, including footnotes, was prepared in Times New Roman, 13-point font. According to the word processing system used to prepare it, excluding the case caption, signature block, table of contents, and table of authorities, the word count of the brief is 1,720 words.

*/s/ Stuart V. C. Duncan Smith*
Stuart V. C. Duncan Smith

*Counsel for Plaintiff Godo Kaisha IP Bridge 1*

9