**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

GODO KAISHA IP BRIDGE 1

      Plaintiff,

v.

SEAGATE TECHNOLOGY LLC,
SEAGATE TECHNOLOGY
(THAILAND) LIMITED, SEAGATE
SINGAPORE INTERNATIONAL
HEADQUARTERS PTE. LTD., and
SEAGATE TECHNOLOGY
(NETHERLANDS) B.V.,

      Defendants.

Civil Action No. 24-cv-3691 LMP/DTS

## JOINT MOTION FOR RESETTING OF MOTION HEARING AND EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 16(b)(4) and L.R. 16.3, Godo Kaisha IP Bridge 1 ("Plaintiff" or "IP Bridge") and Defendants Seagate Technology LLC, Seagate Technology (Thailand) Limited, Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology (Netherlands) B.V. (collectively, "Defendants" or "Seagate" and collectively with Plaintiff, the "Parties") hereby jointly move this Court for an order resetting the July 14, 2026 Motion Hearing regarding Plaintiff's Motion for Leave to Amend Infringement Contentions (Dkt. 170), including the clawback by IP Bridge of two exhibits cited in Defendants' opposition to that motion (Dkts. 185, 186, 189, and 190). The parties also agree to further extend deadlines for briefing of the clawback issue and for Seagate's

1

broader anticipated discovery motion addressing IP Bridge's privilege log. In support of this Motion, the Parties state as follows:

1.      On June 9, 2026 IP Bridge moved for leave to amend its infringement contentions.  (Dkt. 170.) Seagate opposed that motion on June 16, 2026 (Dkt. 180.) Thereafter, IP Bridge clawed back two exhibits to Seagate's opposition brief. The parties each submitted letters on this clawback issue (Dkt. 185, 186), and in response the Court reset the hearing on IP Bridge's motion from June 23, 2026 to July 14, 2026 so that the motion for leave to amend could be heard together with the related clawback issue. (Dkts. 189, 190.) Thereafter, the parties have been working together cooperatively to ensure that the parties can efficiently present the clawback issue to the Court, including identification of additional related clawback documents and coordination for translating potential exhibits to Seagate's clawback motion. To facilitate this coordination and provide sufficient time for the parties to brief the clawback issue, the parties agree that the July 14, 2026 hearing should be moved.

2.      Separately, the parties have been working together to try to narrow issues related to Plaintiff's privilege log and claims of privilege/work product protection. The current deadline for Seagate to file a motion related to this issue is July 16, 2026 (Dkt. 191), but the parties agree that additional time should be permitted to allow the parties to work through these issues, including potentially overlapping clawback issues.

3.      Good cause supports the requested extensions. The extensions are agreed and serve the mutual interest of the Parties and Court by affording the parties time to narrow

issues and present any remaining issues to the Court in an efficient manner, thereby conserving the Parties' and the Court's resources.

4.      This request is made in good faith and not for purposes of delay.

WHEREFORE, the Parties respectfully request that the Court enter an Order setting the following deadlines:

(1) Seagate's motion regarding the clawed back exhibits cited in Dkt. 180 will be filed by no later than July 10, 2026.

(2) Plaintiff's response to any clawback motion will be filed by no later than July 24, 2026.

(3) The hearing on Plaintiff's Motion for Leave to Amend Infringement Contentions and the related clawback issues previously scheduled for July 14, 2016 is rescheduled for August 7, 2026 or later per the Court's availability.

(4) The deadline for Seagate to file any discovery motions related to IP Bridge's privilege log and claims of privilege/work product protection is extended from July 16, 2026 to August 7, 2026.

Dated:  June 29, 2026

s/ Stuart V. C. Duncan Smith

Adam Steinert (#0389648)
ASteinert@fredlaw.com
Barbara Marchevsky (#0398256)
BMarchevsky@fredlaw.com
Luke P. de Leon (#0401756)
LdeLeon@fredlaw.com

s/ Doowon Chung

David J.F. Gross (MN #0208772)
4800 N. Scottsdale Road, Suite 2200
Scottsdale, AZ 85251
Telephone: (480) 643-1850
david.gross@faegredrinker.com

3

FREDRIKSON & BYRON P.A.
60 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612.492.7000 Phone

OF COUNSEL:
Michael A. Albert (*pro hac vice*)
*malbert@wolfgreenfield.com*
Gerald B. Hrycyszyn (*pro hac vice*)
*ghrycyszyn@wolfgreenfield.com*
John Strand (*pro hac vice*)
*jstrand@wolfgreenfield.com*
Hunter D. Keeton (*pro hac vice*)
*hkeeton@wolfgreenfield.com*
Stuart V. C. Duncan Smith (*pro hac vice)*
*sduncansmith@wolfgreenfield.com*
Jason W. Balich (*pro hac vice*)
*jbalich@wolfgreenfield.com*
Karen E. Gover (*pro hac vice*)
*kgover@wolfgreenfield.com*
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone

***Attorneys for Plaintiff.***

Chad M. Drown (MN #0319053)
Kevin P. Wagner (MN #034008X)
Doowon Chung (MN #0397413)
Kelly J. Fermoyle (MN #0398356)
Kirsten L. Elfstrand (MN #0401213)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
*chad.drown@faegredrinker.com*
*kevin.wagner@faegredrinker.com*
*doowon.chung@faegredrinker.com*
*kelly.fermoyle@faegredrinker.com*
*kirsten.elfstrand@faegredrinker.com*

Evan J. Kline-Wedeen (*pro hac vice*)
320 South Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
*evan.kline-wedeen@faegredrinker.com*

***Attorneys for Defendants.***