# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1<br><br>    Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC, SEAGATE TECHNOLOGY (THAILAND) LIMITED, SEAGATE SINGAPORE INTERNATIONAL HEADQUARTERS PTE. LTD., and SEAGATE TECHNOLOGY (NETHERLANDS) B.V.,<br><br>    Defendants. | Civil Action No. 24-cv-3691 LMP/DTS |

### DECLARATION OF DOOWON CHUNG IN SUPPORT OF SEAGATE'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO FILE A DISCOVERY MOTION

I, Doowon R. Chung, declare as follows:

1.      I am an attorney and partner at the law firm of Faegre Drinker Biddle & Reath LLP. I am an attorney of record for the Seagate Defendants in the above-captioned matter.

2.      I make this declaration in support of Seagate's Opposition to Plaintiff's Motion to Extend the Deadline to File a Discovery Motion.

3.      I have personal knowledge of the facts stated herein and would testify to such facts under oath if asked to do so.

1

4.      IP Bridge served its most recent set of discovery requests on Seagate on May 12, 2026. Those requests consisted of 8 interrogatories (IP Bridge's Third Set of Interrogatories, Nos. 18–25), 35 requests for admission (IP Bridge's First Set of Requests for Admission, Nos. 1–35), and 6 requests for production (IP Bridge's Fifth Set of Requests for Production, Nos. 92–97).

5.      Seagate served timely responses and objections to all of IP Bridge's May 12 discovery requests on June 11, 2026.

6.      On May 28, 2026, the Court entered an Amended Scheduling Order at the joint request of the parties. (Dkt. 164.) During the negotiation of the Amended Scheduling Order, IP Bridge did not raise the issue of extending the June 25 deadline for discovery motions related to written and document fact discovery.

7.      On May 15, 2026, IP Bridge served its privilege log, which contained approximately 12,000 entries.

8.      During the June 12, 2026 meet-and-confer regarding IP Bridge's privilege log, IP Bridge stated that it had not conducted a relevance review as part of its document production. IP Bridge acknowledged that its privilege log likely contained a significant number of irrelevant documents as a result. The parties discussed a potential extension to permit IP Bridge to address the issues with its privilege log, including those due to IP Bridge's lack of relevance review.

9.      The parties agreed to extend Seagate's deadline to file discovery motions related to IP Bridge's privilege log by three weeks from June 25, 2026 to July 16, 2026. This extension was intended to allow IP Bridge time to investigate and attempt to address

2

the deficiencies in its privilege log before Seagate determined what issues remained to bring to the Court.

10. During the June 12 meet-and-confer, IP Bridge raised the idea of a mutual extension of the discovery-motion deadline, which it characterized as "reciprocal" to the extension for Seagate to file a motion related to IP Bridge's privilege log. I informed IP Bridge that any extension would be for the specific privilege issues raised by Seagate. I explained that Seagate would make itself available on either June 15 or June 16 for a meet-and-confer once IP Bridge identified the specific discovery requests IP Bridge wanted to discuss.

11. IP Bridge did not take Seagate up on its offer to meet and confer on June 15 or 16 regarding Seagate's discovery responses. Instead, IP Bridge waited until June 19 to serve a 20-page letter to identify purported deficiencies in Seagate's June 11 discovery responses.

12. The parties had previously scheduled a meet-and-confer for June 22, 2026 to discuss IP Bridge's request for an extension to file a discovery motion. However, IP Bridge instead used the meet-and-confer to discuss all of the issues identified in its 20-page deficiency letter.

13. At the beginning of the June 22, 2026 meet-and-confer, I informed IP Bridge that Seagate had not had adequate time to review the 20-page letter, which had been received late Friday afternoon on a Federal holiday. I nonetheless endeavored to discuss the issues raised by IP Bridge in good faith.

3

14. During the June 22, 2026 meet-and-confer, I informed IP Bridge that Seagate would consider an extension of time for IP Bridge to file a discovery motion if IP Bridge could assure Seagate that the motion would be appropriately limited in scope. Seagate would not, however, agree to an open-ended extension. IP Bridge did not agree to limit the scope of its motion.

15. On June 23, 2026, IP Bridge notified Seagate that it was clawing back over 130 additional documents, beyond the six documents it identified to Seagate on June 17, 2026.

16. Since the beginning of 2026, Seagate has participated in at least nine meet-and-confer sessions to address discovery-related issues, typically with multiple attorneys participating on each side. For example, the parties met and conferred on February 9, 25, and 27, March 2, April 13 and 17, May 7, June 12, and June 22. In total, the parties have met-and-conferred for at least over a dozen hours. In addition, the parties have exchanged multiple lengthy and substantive emails regarding discovery disputes.

17. Attached hereto as Exhibit A *(FILED UNDER SEAL)* is a true and correct copy of letter correspondence from counsel for Seagate dated June 5, 2026.

18. Attached hereto as Exhibit B *(FILED UNDER SEAL)* is a true and correct copy of excerpts from letter correspondence from counsel for IP Bridge dated May 15, 2026.

19. Attached hereto as Exhibit C *(FILED UNDER SEAL)* is a true and correct copy of email correspondence between counsel for Seagate and counsel for IP Bridge dated June 19, 2026.

20.   Attached hereto as Exhibit D *(FILED UNDER SEAL)* is a true and correct copy of email correspondence between counsel for Seagate and counsel for IP Bridge dated June 24, 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 30, 2026

*/s/ Doowon Chung*
Doowon Chung